**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD KING, | No. C 00-1988 SI |
| Petitioner, | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| RICHARD SUBIA, Warden, | |
| Respondent. | |

Respondent has moved to dismiss this petition. Having considered the arguments of the parties made at the hearing, and the supplemental authorities submitted thereafter, the Court hereby DENIES the motion.

**BACKGROUND**

Following a jury trial in Monterey County Superior Court in 1997, petitioner was convicted of three counts of aggravated sexual assault of a child and one count of lewd acts upon a child, and sentenced to 35 years to life in prison. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the Supreme Court of California in 1999. Petitioner also filed a petition for writ of habeas corpus, which was summarily denied. He then filed a petition for review in the California Supreme Court, which was denied in 1999.

In 2000, petitioner filed a "mixed" federal petition for habeas corpus containing unexhausted claims relating to ineffective assistance of counsel. In 2001, this Court dismissed the petition for failure to exhaust state remedies. In 2002, this Court set aside the judgment dismissing the petition on the ground of gross negligence on the part of petitioner's appellate attorney, and stayed the action while

petitioner exhausted his state court remedies. The state Superior Court denied petitioner habeas relief on October 29, 2002, finding the petition untimely. Petitioner then filed a habeas corpus petition in the California Supreme Court. Although petitioner sought to justify the delay by asserting, among other issues, that counsel had abandoned him, on May 19, 2004, the California Supreme Court summarily denied relief, citing two cases barring review of habeas petitions filed after substantial delay, *In re Clark*, 5 Cal. 4th 750 (1993), and *In re Robbins*, 18 Cal. 4th 770 (1998).

On March 21, 2005, this Court denied some of petitioner's habeas claims on the merits and some as procedurally barred pursuant to the state timeliness rule. On appeal, the Ninth Circuit vacated the denial in part and remanded on the issue of whether California's timeliness rule is an "adequate" procedural bar. *King v. Lamarque*, 464 F.3d 963, 968 (9th Cir. 2006). The *King* court articulated California's timeliness rule, which applies to both capital and noncapital cases, as follows:

> California's timeliness rule bars habeas petitions that are filed after "substantial delay." A habeas petitioner in California must justify any "significant" or "substantial delay" in seeking habeas corpus relief. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay.

*Id.* at 966 (internal citations omitted). The court noted that in capital cases,

> California's Supreme Court Policies Regarding Cases Arising From Judgments of Death "Policies" create a presumption of timeliness if a petition "is filed within 90 days of the final due date for the filing of an appellant's reply brief." [citing *In re Clark*, 5 Cal. 4th 750, 751 (1993)]. The Policies also create more explicit standards for deciding whether there has been substantial delay when the petitioner has filed after the ninety-day presumption period. *Clark* clarified the application of these Policies within capital cases and provided four specific exceptions for granting review even when a petition's "substantial delay" is unjustified. But *Clark* did nothing to clarify the application of the basic "substantial delay" standard with regard to noncapital cases. Furthermore, the *Clark* exceptions, specifying when review can be granted despite "substantial delay," do nothing to clarify the "substantial delay" standard itself.

*Id.*

The Ninth Circuit remanded for a determination of whether California's timeliness rule has been clearly and consistently applied with regard to noncapital cases. "Here, because we held in *Morales*, that the California timeliness rule was insufficiently clear, the government must show on remand that the rule has since been clarified for noncapital cases and that the clarified rule has since been consistently applied." *Id.* at 967. *Morales* held that California's timeliness rule was not clearly or consistently applied as of 1992. *See Morales v. Calderon*, 85 F.3d 1387, 1393 (9th Cir. 1996). Thus,

on remand, this Court must determine whether the timeliness rule has become sufficiently clear and consistently applied since 1992, and in particular, in 1999 when the procedural default occurred. *See Fields v. Calderon*, 125 F.3d 757, 760-61 (9th Cir. 1997) (holding that proper date on which adequacy of state rule is analyzed is time when defaulted claims should have been raised on direct appeal or filing of habeas petition, not when procedural bar at issue actually applied by state court).

**DISCUSSION**

"[B]ecause it is the State who seeks dismissal based on the procedural bar, it is the State who must bear the burden of demonstrating that the bar is applicable." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Respondent contends that since the time period analyzed by *Morales*, the California Supreme Court established a more definite timeliness rule in four capital cases: *In re Clark*, 5 Cal. 4th 750 (1993), *In re Gallego*, 18 Cal. 4th 825 (1998), *In re Robbins*, 18 Cal. 4th 770 (1998), and *In re Sanders*, 21 Cal. 4th 697 (1999). Respondent argues that these cases have firmly established that any habeas petition must be filed without "substantial delay," and that any such delay must be justified with sufficient particularity.

The Court finds that none of the cited cases sufficiently clarifies the "substantial delay" standard for noncapital cases. As an initial matter, all of these cases are capital cases; the Ninth Circuit remanded for consideration of whether California's timeliness rule has been clarified for noncapital cases. In *Bennett*, the Ninth Circuit held that it was "inappropriate" for the district court to rely on capital cases when analyzing the adequacy of California's timeliness rule in a noncapital case. *See Bennett*, 322 F.3d at 583. Moreover, on appeal in this case, the Ninth Circuit explicitly rejected the government's reliance on *Clark*. *See King*, 464 F.3d at 966 ("*Clark* did nothing to clarify the application of the basic 'substantial delay' standard with regard to noncapital cases.").

Respondent contends that although *Robbins*, *Gallego* and *Sanders* were capital cases, the Supreme Court's discussion of the timeliness rule in all three cases is applicable to both capital and noncapital petitions. The Court disagrees that these cases can be read so broadly. The Supreme Court stated that it issued an order to show cause in the companion cases of *Robbins* and *Gallego*, "not to consider the merits of the claims raised in the respective habeas corpus petitions, but instead to address

3

a number of general procedural issues relating to petitions for writs of habeas corpus in *capital* cases, and, in particular, to address the question of the timeliness of claims advanced in such petitions." *Robbins*, 18 Cal. 4th at 779 (emphasis added). Similarly, in *Sanders*, the Supreme Court held, "[o]n the particular facts of this case, we conclude that when, as here, an attorney representing a *capital* defendant essentially abandons his client and fails, in the face of triggering facts, to conduct an investigation in order to determine whether there exist potentially meritorious claims, such abandonment constitutes good cause for substantial delay in the presentation of potentially meritorious claims by subsequent counsel." 21 Cal. 4th at 701 (emphasis added). Finally, to the extent that *Sanders*'s discussion of the timeliness rule does apply to noncapital cases, the clarity of *Sanders* has been seriously questioned:

> [I]n *In re Sanders*, . . . a fractured court gave various reasons why it found a petition (in which the number of claims was not indicated) to be timely; no opinion in the case commanded a majority of the court. Indeed, the author of *Clark* himself declared that *Sanders* "contradict[ed]" the court's untimeliness rule. 87 Cal. Rptr. 2d 899, 981 P.2d at 1061 (Baxter, J., dissenting). According to another justice in that case, the court's application of the untimeliness bar has been "arbitrary and capricious. *Id*. at 1057 (Mosk, J., concurring).

*Dennis v. Brown*, 361 F. Supp. 2d 1124, 1134 (N.D. Cal. 2005). The Court finds that respondent has failed to meet its burden of showing that the "substantial delay" standard in noncapital habeas corpus cases had been sufficiently clarified by the California courts by 1999.

Because the Court finds that respondent has not met its burden of demonstrating that California's timeliness rule was sufficiently clear by 1999, the Court does not reach the parties' arguments regarding consistency of application. The Court notes, however, that respondent has submitted a survey of 370 habeas corpus cases decided in the California Supreme Court during a sixty-day period from January 18, 2002, through March 18, 2002. This survey was prepared by the respondent in *Martin v. Walker*, No. CV 99-0223 WBS/GGH, which was argued in the Ninth Circuit the same day as this case and also raises the issue of the adequacy of California's untimeliness bar. The *Martin* survey does not analyze the time period of petitioner's procedural default in 1999, and thus is irrelevant to the question presented here.[1]

---

[1] On March 14, 2008, respondent filed a notice of related authority with this Court regarding the Magistrate Judge's Findings and Recommendations in *Martin* on remand. *See Martin v. Walker*, 2008 WL 652131 (E.D. Cal. Mar. 10, 2008). In the Findings and Recommendations, Magistrate Judge

Accordingly, the Court holds that the timeliness rule is not an "adequate" state procedural ground to bar federal review, and DENIES respondent's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court DENIES respondent's motion to dismiss [Docket No. 100]. In light of the passage of time since the petition was originally briefed, the Court finds it appropriate to allow the parties to supplement the original briefing if they wish. Petitioner may file an amended petition no later than **August 15, 2008**, respondent may file an amended answer no later than **September 5, 2008**, and petitioner may file an amended traverse no later than **September 30, 2008**.

**IT IS SO ORDERED.**

Dated: July 23, 2008

SUSAN ILLSTON
United States District Judge

---

Hollows found that the timeliness rule has been "clearly defined, well established, and consistently applied." *Id*. at *6. In reaching this conclusion, Judge Hollows found that "the application and citation of [the] *Clark/Robbins* rule is well established for non-capital cases," and found that the Ninth Circuit in *Bennett* "easily distilled the rule to its essence: 'Significant unjustified delay in presenting habeas corpus claims to California state courts will bar consideration of the merits of the claim.'" *Id*. at *3 (quoting *Bennett*).
     The Court finds the *Martin* Findings and Recommendation unpersuasive. Simply because the California courts cite *Clark* and *Robbins* when denying noncapital habeas petitions as untimely does not mean that the California courts have clarified the application of the basic "substantial delay" standard with regard to noncapital cases. In addition, *Martin*'s reliance on *Bennett* is curious. Although *Bennett* restated the general rule that significant unjustified delay in presenting habeas corpus claims will bar those claims, *Bennett* remanded for a determination of the adequacy of the state untimeliness bar, and explicitly noted the important distinction between capital and noncapital cases. *Bennett*, 322 F.3d at 583-84. *Bennett* did not analyze the question before this Court on remand, namely whether California's timeliness rule, and the "substantial delay" standard, have been clarified for noncapital cases. Indeed, if *Bennett* had resolved this question, the instant remand would be unnecessary.